CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 22 2017
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | | |
|---|---|---|
| LARRY D. WEST, | ) | |
|     Plaintiff, | ) | Civil Action No. 4:17-cv-00003 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
|     Defendant. | ) | By:   Joel C. Hoppe |
| | ) | United States Magistrate Judge |

I. Background

Plaintiff Larry D. West asks this Court to review the Commissioner of Social Security's (the "Commissioner") final decision denying his application for Supplemental Security Income under Title XVI of the Social Security Act. West challenges the Administrative Law Judge's ("ALJ") listings analysis and residual functional capacity determination. Pl.'s Br., ECF No. 14.

On August 4, 2017, the Commissioner filed an uncontested Motion to Remand under sentence four of 42 U.S.C. § 405(g). ECF No. 15. The Commissioner contends that remand is necessary so that the ALJ may further evaluate West's claim of disability, specifically by addressing Listing 3.02, reevaluating West's residual functional capacity, and obtaining supplemental vocational expert evidence to assess the erosion of the occupational base. Counsel for the Commissioner represents to the Court that counsel for West does not oppose the Motion to Remand.

This Court has authority to decide West's case under 42 U.S.C. § 405(g), and his case is before me by referral under 28 U.S.C. § 636(b)(1)(B). ECF No. 12. After reviewing the parties' filings and the applicable law, I recommend that this Court grant the Commissioner's Motion to Remand.

1

## II. Discussion

The Commissioner seeks a "sentence four" remand in this case. The fourth sentence in 42 U.S.C. § 405(g) authorizes this Court to affirm, modify, or reverse the Commissioner's final disability determination with or without remanding the cause for further administrative proceedings. Before the Court can exercise that authority, however, it must determine whether the agency has discharged its duty to consider all evidence bearing on the applicant's disability claim. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997); *Justice v. Barnhart*, 431 F. Supp. 2d 617, 621 (W.D. Va. 2006). In this case, the Commissioner seeks remand so that she can further evaluate West's claim of disability.

## III. Conclusion

The Commissioner has requested remand, and West does not oppose that request. Accordingly, I find that remand under sentence four is warranted for further evaluation of West's claim. *See* 42 U.S.C. § 405(g); *Justice*, 431 F. Supp. 2d at 620. Therefore, I **RECOMMEND** that this Court **GRANT** the Commissioner's Motion to Remand, ECF No. 18, **REMAND** the case for full administrative proceedings, and **DISMISS** the case from the Court's active docket.

### **NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is

directed to transmit the record in this matter to the Honorable Jackson L. Kiser, Senior United States District Judge.

The Clerk shall send a copy of this Report and Recommendation to the parties.

ENTERED: August 22, 2017

Joel C. Hoppe
United States Magistrate Judge